UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TAMARLY DANIER,

    Plaintiff,

v.                                         CASE NO.:

DELOITTE & TOUCHE
SERVICES, LP,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Tamarly Danier, by and through undersigned counsel, brings this action against Defendant, Deloitte & Touche Services, LP, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq*.

3. Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in Dade County, Florida.

**PARTIES**

4. Plaintiff is a resident of Dade County, Florida.

5. Defendant operates a consulting firm in Miami (Dade County), Florida.

**GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

13. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

14. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

## FACTS

15. Plaintiff is a black African American Female.

16. Plaintiff began working for Defendant as a Senior Consultant on February 1, 2021, and she worked in this capacity until December 17, 2021.

17. Plaintiff was personally recruited to work for Defendant due to her success in the industry.

18. Upon starting employment with Defendant, Plaintiff was given assignments that were well below her skill and expertise level. When Plaintiff raised this issue with Defendant, she began to experience bullying and harassment from Defendant.

19. Plaintiff was being used as a token of diversity by Defendant, rather than for her skills and talent. Plaintiff was asked to provide headshot photos that were the used for projects and project pitches that Plaintiff had nothing to do with.

20. Plaintiff verbally complained to Jeffery Wordham, a Managing Partner. As a result of Plaintiff complaining about unethical management decisions, harassment and bullying due to her race, she was removed from various projects.

21. Plaintiff was contacted by Human Resources (HR) and confirmed that a verbal and written complaint was filed on September 22, 2021, and September 30, 2021, to which an investigator was assigned.

22. Plaintiff provided HR with a detailed timeline of events, online chats, and emails to substantiate her complaints. However, Plaintiff learned a short time later that no investigation was actually conducted.

23. When Plaintiff questioned the investigator about the legitimacy of the investigation, she was told that filing a complaint in the manner that she did was "futile".

24. During the period of September 10, 2021, to December 17, 2021, Plaintiff was not assigned any projects. Defendant used this as a pretextual reason for termination, alleging that Plaintiff "decided to stop working".

25. On or about December 17, 2021, Defendant terminated Plaintiff solely because of Plaintiff's race and in retaliation to her opposition of the discriminatory treatment because of her race.

26. Defendant discriminated against Plaintiff due to her race, failed to take remedial action when Plaintiff complained about the discrimination, and retaliated against her after she engaged in protected activity.

### COUNT I –42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

27. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. Plaintiff is a member of a protected class of persons under Section 1981.

29. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

30. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

31. Defendant's actions were willful and done with malice.

32. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

33. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

34. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

35. Plaintiff is a member of a protected class of persons under Section 1981.

36. By filing a complaint with Defendant about the racist treatment she received, Plaintiff engaged in protected activity under Section 1981.

37. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating her employment.

38. Defendant's actions were willful and done with malice.

39. Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

40. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental

anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

41. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT III – TITLE VII VIOLATION
### (DISCRIMINATION)

42. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

43. Plaintiff is a member of a protected class under Title VII.

44. Plaintiff was subjected to disparate treatment on the basis of her race. Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity.

45. Defendant's actions were willful and done with malice.

46. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION

47. Plaintiff realleges and readopts the allegations of paragraphs through 26 of this Complaint, as though fully set forth herein.

48. Plaintiff is a member of a protected class under Title VII.

49. Plaintiff exercised or attempted to exercise her rights under Title VII by reporting the racial harassment to Defendant, thereby engaging in protected activity under Title VII.

50. Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity

51. Defendant's actions were willful and done with malice.

52. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

53. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

      i)      Punitive damages;

      j)      Prejudgment interest on all monetary recovery obtained.

      k)     All costs and attorney's fees incurred in prosecuting these claims; and

      l)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 2nd day of September, 2022.

                Respectfully submitted,

                */s/ Brandon J. Hill*
                **BRANDON J. HILL**
                Florida Bar Number: 0037061
                Direct Dial: 813-337-7992
                **WENZEL FENTON CABASSA, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Facsimile: 813-229-8712
                Email: bhill@wfclaw.com
                Email: aketelsen@wfclaw.com
                **Attorneys for Plaintiff**